IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 08 C 1190 |
| HILL-THOMAS LIME & CEMENT COMPANY, an Illinois corporation, | ) ) ) | Honorable George M. Marovich District Judge |
| Defendant. | ) ) | |

**PLAINTIFFS' MOTION FOR ENTRY OF ORDER
OF DEFAULT AND JUDGMENT BY DEFAULT**

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee, (hereinafter collectively referred to as the "Pension Fund"), pursuant to Rule 55(b) of the Federal Rule of Civil Procedure ("F.R.Civ.P."), hereby move this Court for the entry of order of default and judgment by default against Defendant Hill-Thomas Lime & Cement Company, an Illinois corporation ("Hill-Thomas"). In support of this motion, the Pension Fund states as follows:

1.    On February 27, 2008, Plaintiffs filed this lawsuit against Defendant under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001, et seq., to collect withdrawal liability payments due and owing to the Pension Fund as well as interest, liquidated damages, and attorneys' fees and costs.

2.    This Court has subject matter jurisdiction of this action and venue of this action properly lies in this District. Sections 502(e), 502(f), and 4301(c) of ERISA, 29

U.S.C. §§ 1132(e), 1132(f), and 1451(c), (d). (Affidavit of Andrew Sprau ¶¶3-5 ("Sprau Affidavit") attached hereto as Exhibit 1 and incorporated herein by reference.)

3. On March 3, 2008, Defendant was served by personal delivery of Summons and Complaint and this Court has personal jurisdiction over Defendant. See Affidavit of Service filed on March 17, 2008; F.R.Civ.P. Rule 4(c), (h).

4. The time for Defendant to appear, plead, or otherwise defend has expired and Defendant has failed to appear, plead, or otherwise defend in this action.

5. Hill-Thomas was subject to collective bargaining agreements executed between it and a Local Union of the International Brotherhood of Teamsters, under which Hill-Thomas was required to make pension contributions to Pension Fund on behalf of certain of its employees. (Sprau Affidavit ¶¶ 6-7.)

6. On May 26, 2007, Hill-Thomas permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383. (Sprau Affidavit ¶ 8.)

7. As a result of this complete withdrawal, Hill-Thomas incurred withdrawal liability to the Pension Fund in the amount of $130,711.24 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b). (Sprau Affidavit ¶ 9.)

8. On or about November 16, 2007, Hill-Thomas received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1382(2) and 1399(c)(5)(B). The notice notified Hill-Thomas that it was required to discharge its liability in one lump sum payment in the amount of $130,711.24. (Sprau Affidavit ¶ 10.)

9. Hill-Thomas has not requested a review of the withdrawal liability pursuant to § 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A). (Sprau Affidavit ¶ 11.)

10.     Hill-Thomas has failed to make the withdrawal liability payment to the Pension Fund and is in default within the meaning of Section 4219(c)(2), (5) of ERISA, 29 U.S.C. § 1399(c)(2), (5).  (Sprau Affidavit ¶ 12.)

11.     Hill-Thomas has failed to make all of the withdrawal liability payments to the Pension Fund and owes a principal balance of $130,711.24.  (Sprau Affidavit ¶ 13.)

12.     Under Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), the failure to make withdrawal liability payments when due is treated in the same manner as a delinquent contribution under Section 515 of ERISA, 29 U.S.C. § 1145.  <u>Central States Pension Fund v. Slotky</u>, 956 F.2d 1369, 1377 (7th Cir. 1992).  Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to:

    (i)  delinquent withdrawal liability payments;
    (ii)  interest on the delinquent withdrawal liability payments;
    (iii)  an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of 20 percent of the delinquent withdrawal liability payments;
    (iv)  reasonable attorneys' fees and costs;
    (v)  and such other relief the Court deems appropriate.

An award of these amounts is mandatory.  <u>Central States Pension Fund v. Gerber Truck Service</u>, 870 F.2d 1148, 1156 (7th Cir. 1989) (en banc).  The liquidated damages awarded under the MPPAA "are something that an employer must pay as a penalty for refusing to follow the statutory procedure for challenging assessments of withdrawal liability." <u>Central States v. Lady Baltimore Foods, Inc.</u>, 960 F.2d 1339, 1347 (7th Cir. 1992).  (Sprau Affidavit ¶ 14-15.)

13.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Hill-Thomas owes the Pension Fund a principal balance in the amount of $130,711.24 in withdrawal liability.  (Sprau Affidavit ¶ 13.)

14.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), interest is

computed and charged at the rate set by the Pension Fund's Plan.  (Sprau Affidavit ¶ 16.)

15. Pursuant to the terms of the Pension Fund Trust Agreement, the Pension Fund is entitled to interest with an annualized interest rate equal to the two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually.  (Sprau Affidavit ¶ 17.)

16. Through April 30, 2008, Hill-Thomas owes the Pension Fund interest on the unpaid withdrawal liability in the total amount of $4,547.67.  (Sprau Affidavit ¶ 18.)

17. Pursuant to the terms of the Pension Fund's Trust Agreement, the Pension Fund is entitled to the greater of interest on the delinquent withdrawal liability or liquidated damages of up to twenty percent (20%) of the delinquent withdrawal liability.  (Sprau Affidavit ¶ 19.)

18. Hill-Thomas owes the Pension Fund liquidated damages in the greater amount of twenty percent (20%) of the unpaid withdrawal liability in the amount of $26,142.25.  (Sprau Affidavit ¶ 20.)

19. Pursuant to the terms of the Pension Fund Trust Agreement, Hill-Thomas is required to pay all attorneys' fees and costs incurred in connection with this case.  The Pension Fund incurred attorneys' fees in total amount of $2,000.00 and costs in the total amount of $475.00 in this case.  (Affidavit of Anthony E. Napoli ¶¶3-6 which is attached hereto as Exhibit 2 and is incorporated herein by reference.)

20. Pursuant to the terms of the Pension Fund Trust Agreement, the Pension Fund is entitled to post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which

interest is charged and shall be compounded annually.  (Sprau Affidavit ¶22.)  <u>Central States v. Bomer National, Inc.</u>, 253 F.3d 1011, 1020 (7th Cir. 2001).

    21.    Attached hereto as Exhibit 3 is a proposed Judgment Order.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, trustee, pray for entry of judgment by default in favor of Plaintiffs and against Defendant Hill-Thomas Lime & Cement Company, an Illinois corporation as follows:

(A)  That Defendant Hill-Thomas Lime & Cement Company, an Illinois corporation ("Hill-Thomas") be judged to be in default.

(B)  For withdrawal liability in the amount of $130,711.24; together with interest in the amount of $4,547.67; liquidated damages in the amount of $26,142.25; attorneys' fees in the amount of $2,000.00; and costs in the amount of $475.00.

(C)  That this Court award Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, trustee, post-judgment interest computed at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually.

(D)  That this Court retain jurisdiction to enforce the provisions of its Order.

(E)  For such other relief deemed just and proper.

Respectfully submitted,

/s/ Anthony E. Napoli
Anthony E. Napoli
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois  60018-4938
(847) 518-9800, Ext. 3702
ARDC # 06210910
tnapoli@centralstatesfunds.org