# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,<br><br>Plaintiffs,<br><br>v.<br><br>HILL-THOMAS LIME & CEMENT COMPANY, an Illinois corporation,<br><br>Defendant. | Case No. 08 C 1190<br><br>Honorable George M. Marovich<br>District Judge |

### AFFIDAVIT OF ANDREW SPRAU

State of Illinois   )
                    ) SS
County of Cook      )

I, Andrew Sprau, having been duly sworn on oath, depose and state as follows:

1. I am the Department Manager - Collections at the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"). I have personal knowledge of the facts set forth below and would be competent to testify as to these facts if called as a witness in this matter.

2. I am responsible for the Pension Fund's collection of withdrawal liability. If an employer has withdrawn from the Pension Fund, one of my staff members or I calculate the withdrawal liability due and notify the employer of the assessment in accordance with Section 4219(b)(1) of ERISA, 29 U.S.C. § 1399(b)(1).

3. The Pension Fund is a multiemployer pension plan which is administered at its principal place of business at 9377 West Higgins Road, Rosemont, Illinois 60018-4938.

4.  On the date this action was filed and to the present date, Howard McDougall, trustee, was and is one of the trustees and a fiduciary of the Pension Fund.

5.  The Trustees are the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10).

6.  The files maintained for every employer who has withdrawn from participation in the Pension Fund, including the file for Hill-Thomas Lime & Cement Company, an Illinois corporation ("Hill-Thomas"), are under my dominion and control.

7.  The Pension Fund's records show that Hill-Thomas was subject to collective bargaining agreements executed between them and a Local Union of the International Brotherhood of Teamsters, under which Hill-Thomas was required to make pension contributions to the Pension Fund on behalf of certain of its employees.

8.  On May 26, 2007, Hill-Thomas permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

9.  As a result of this complete withdrawal, Hill-Thomas incurred withdrawal liability to the Pension Fund in the amount of $130,711.24 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

10. On or about November 16, 2007, Hill-Thomas received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1382(2) and 1399(c)(5)(B). The notice notified Hill-Thomas that it was required to discharge its liability in one lump sum payment in the amount of $130,711.24.

11. Hill-Thomas has not requested a review of the withdrawal liability pursuant to § 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

12. Hill-Thomas has failed to make the withdrawal liability payment to the Pension Fund and is in default within the meaning of Section 4219(c)(2), (5) of ERISA, 29 U.S.C. § 1399(c)(2), (5).

13. Hill-Thomas has failed to make all of the withdrawal liability payments to the Pension Fund and owes a principal balance of $130,711.24.

14. Pursuant to Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), the failure of an employer to pay withdrawal liability payments when due is treated in the same manner as a delinquent contribution under Section 515 of ERISA, 29 U.S.C. § 1145.

15. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the following relief when it prevails in an action under Section 515 of ERISA, 29 U.S.C. § 1145, as incorporated by Section 4301(b) of ERISA, 29 U.S.C. § 1451(b):

    (i) delinquent withdrawal liability payments;
    (ii) interest on the delinquent withdrawal liability payments;
    (iii) an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of 20 percent of the delinquent withdrawal liability payments; and
    (iv) reasonable attorneys' fees and costs.

16. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), interest is determined using the rate under the Pension Fund's Plan.

17. Under the Pension Fund's Plan, interest is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the months for which the interest is charged.

18. Through April 30, 2008, Hill-Thomas owes the Pension Fund interest on the unpaid withdrawal liability in the total amount of $4,547.67.

19. The Pension Fund's Plan provides for liquidated damages in an amount equal to the greater of the interest on the delinquent withdrawal liability or up to twenty percent (20%) of the delinquent withdrawal liability.

20. Hill-Thomas owes to the Pension Fund liquidated damages in the amount of twenty percent (20%) of the unpaid withdrawal liability payments in the amount of $26,142.25 ($130,711.24 x 20%).

21. Accordingly, the Pension Fund is entitled to a judgment against Hill-Thomas in the amount of: (i) $130,711.24 in withdrawal liability payments; (ii) $4,547.67 in interest (through April 30, 2008); (iii) $26,142.25 in liquidated damages; and (iv) attorneys' fees and costs.

22. Under the Pension Fund's Plan, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which the interest is charged and shall be compounded annually.

**FURTHER AFFIANT SAYETH NOT.**

_____
Andrew Sprau

Subscribed and sworn to before me,
a Notary Public, this 29th day of
April, 2008.
_____
Notary Public

Official Seal
Karl Schofield
Notary Public State of Illinois
My Commission Expires 10/09/2011